# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-20225
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CEPRIANO MORIN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-516-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Cepriano Morin appeals his sentence following his guilty plea conviction for escape in violation of 18 U.S.C. § 751(a). At sentencing, the district court departed upward by two additional levels based on Morin's criminal history and recidivism; Morin was sentenced to 24 months of imprisonment. Morin argues that the district court erred by departing upward and that the district court failed to consider his mitigation evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following United States v. Booker, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both the decision to depart upward and the extent of the departure for an abuse of discretion. United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the reasons for the departure advance the objectives of § 3553(a)(2) and are justified by the particular facts of the case. Id.

In the instant case, in light of Morin's criminal history category of VI, the number and nature of his prior offenses, and the frequency with which he committed these offenses, the district court did not abuse its discretion in imposing an upward departure. See id. at 347-48. Morin also argues that the district court "ignored" his mitigation arguments regarding his marital and health problems. These arguments were presented to the district court at the sentencing hearing; the decision to impose an upward departure constitutes an implicit rejection of these arguments. Cf. United States v. Herrera-Garduno, 519 F.3d 526, 530 (5th Cir. 2008); United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).

This court must also resolve whether the extent of the departure was an abuse of discretion. See United States v. Rajwani, 476 F.3d 243, 250 (5th Cir.), modified on other grounds, 479 F.3d 904 (5th Cir. 2007). Given the extent and nature of Morin's criminal history and his history of recidivism, the district court's two-level upward departure and resulting sentence of 24 months, which was three months above the prior guidelines maximum, was not an abuse of discretion.

AFFIRMED.